UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KEVIN CHAMPION,

      Petitioner,                      Civil No. 2:08-CV-13657
                                         HONORABLE DENISE PAGE HOOD
v.                                     UNITED STATES DISTRICT JUDGE

NICK LUDWICK,

      Respondent,

_____/

**OPINION AND ORDER DENYING PETITION
FOR WRIT OF HABEAS CORPUS**

      Kevin Champion, ("petitioner"), presently confined at the Mid-Michigan Correctional Facility in St. Louis, Michigan, seeks the issuance of a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  In his *pro se* application, petitioner challenges his conviction for felon in possession of a firearm, MICH. COMP. LAWS § 750.224f; carrying a concealed weapon, MICH. COMP. LAWS § 750.227; driving with a suspended license, MICH. COMP. LAWS § 257.904; and being a third-felony habitual offender, MICH. COMP. LAWS § 769.11.  For the reasons stated below, the petition for writ of habeas corpus is **DENIED.**

**I. Background**

      Petitioner entered a plea of no contest to the above charges in the Saginaw County Circuit Court on August 29, 2006.  In exchange for his plea, the prosecutor agreed to dismiss a charge of possession of a firearm in the commission of a felony [felony-firearm].

      Prior to accepting the plea, the trial court reviewed the plea agreement with petitioner on the record.  The following exchange occurred:

1

THE COURT: Now as I understand the agreement, you're pleading guilty to possession of a firearm by a felon, carrying a concealed weapon, driving while license suspended.  You're pleading no contest to these charges, and you acknowledge an Habitual Offender Third. And the felony firearm is being dismissed. Is that your understanding?

[PETITIONER]: I never knew about the habitual.  I have no paperwork stating habitual.

THE COURT: Well I got one here.  I don't know.

[DEFENSE COUNSEL]: You have had two prior convictions of O.U.I.L..

[PROSECUTOR]: Your Honor, he was provided with the paperwork on this habitual at his arraignment.

[PETITIONER]: Well, I can prove that I got that paperwork back in my cell.

[PROSECUTOR]: Do you want the plea or not?

[DEFENSE COUNSEL]: You're going to have to acknowledge that that's – we took that into consideration when I talked to you?

[PETITIONER]: Yeah.

THE COURT: Okay. Now what happened on – you wish to enter a no contest plea to felon in possession of a firearm, carrying a concealed weapon and driving while license suspended; isn't that correct?

[PETITIONER]: Yes.
(Plea Hearing Tr., August 29, 2006, pp 7-8].

Petitioner later acknowledged on the record that he had two prior convictions for operating

while impaired, third-offense. (*Id.* at p. 8).

On October 2, 2006, petitioner was sentenced to eighteen months to ten years in prison.

Petitioner's conviction was affirmed on appeal. *People v. Champion,* No. 280931 (Mich.Ct.App.

December 20, 2007); *lv. den.* 480 Mich. 1190; 747 N.W. 2d 300 (2008).

Petitioner seeks a writ of habeas corpus on the following ground:

Petitioner's defense counsel (sic) failure to inform him that the prosecutor had filed a(sic) habitual offender's notice, MICH. COMP. LAWS § 769.13(1) applicable to the decision to plead guilty resulted in the ineffective assistance of counsel.

## II. Standard of Review

28 U.S.C. § 2254(d) imposes the following standard of review for habeas cases: An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1)     resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2)     resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409. A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.

When a state court has not articulated its reasoning when denying a constitutional claim, a federal habeas court is obligated to conduct an independent review of the record and applicable law and determine whether the state court decision is contrary to federal law, unreasonably applies clearly established law, or is based on an unreasonable determination of the facts in light of the

evidence presented; however, that independent review is not a full *de novo* review of the claims,

but remains deferential because a habeas court cannot grant relief unless the state court decision

is not in keeping with the AEDPA's strictures. *Harris v. Stovall*, 212 F. 3d 940, 943 (6th Cir. 2000);

*see also Vliet v. Renico,* 193 F. Supp. 2d 1010, 1016 (E.D. Mich. 2002).[1]   Thus, where a state court

decides a constitutional issue by form order or without an extended discussion, as was the case

here, a habeas court should focus on the result of the state court's decision, applying the

aforementioned standard. *Harris,* 212 F. 3d at 943, n. 1.

### III.  Discussion

Petitioner contends that his trial counsel was ineffective for failing to advise him that he had

been charged with being a third-felony habitual offender before petitioner pleaded no contest to the

charges.

To prevail on his ineffective assistance of counsel claims, petitioner must show that the state

court's conclusion regarding these claims was contrary to, or an unreasonable application of,

*Strickland v. Washington*, 466 U.S. 668 (1984). *See Cathron v. Jones,* 190 F. Supp. 2d 990, 996

(E.D. Mich. 2002).  *Strickland* established a two-prong test for claims of ineffective assistance of

counsel: the petitioner must show (1) that counsel's performance was deficient, and (2) that the

deficient performance prejudiced the defense. *Strickland,* 466 U.S. at 687.  A petitioner is entitled

---

[1]   The Michigan Court of Appeals denied Petitioner's delayed application for leave
to appeal in a one sentence Order "for lack of merit in the grounds presented."  *See People
v. Champion,* No. 280931 (Mich.Ct.App. December 20, 2007).  The Michigan Supreme
Court denied Petitioner's application for leave to appeal the Court of Appeals decision
affirming his conviction, finding that it was "not persuaded that the questions presented
should be reviewed by this Court."  *See People v. Champion*, No. 135797, 480 Mich. 1190;
747 N.W. 2d 300 (2008).

to habeas relief on his ineffective assistance of counsel claim if he or she can satisfy both prongs of the *Strickland* test. *See Hall v. Vasbinder,* 551 F.Supp.2d 652, 672 (E.D. Mich. 2008).

Petitioner's claim is without merit for several reasons. First, petitioner acknowledged on the record at the plea hearing that he and his trial counsel had discussed the habitual offender charge when the two men discussed the terms of the plea bargain. This alone defeats petitioner's claim. *See e.g. U.S. v. Ordaz* 111 Fed. Appx. 128, 132-33 (3rd Cir. 2004)(defendant failed to carry her burden in showing that her counsel's advice respecting her guilty plea and her possible sentence fell below the range of competence demanded of attorneys in criminal cases, where defendant informed the court at the plea hearing that trial counsel had discussed Sentencing Guidelines with her).

Second, a state court's proper plea colloquy will cure any misunderstandings that a petitioner may have had about the consequences of the plea. *Ramos v. Rogers*, 170 F. 3d 560, 565 (6th Cir. 1999). Prior to accepting petitioner's no contest plea, the trial court advised petitioner that he would be pleading no contest to being a third felony habitual offender. Petitioner acknowledged on the record that he had previously been convicted of two prior felony convictions. Petitioner has therefore failed to establish that he was unaware that he was being charged with being a third felony habitual offender.

Even if this Court were to conclude that counsel's performance was deficient, petitioner has failed to show that he was prejudiced by counsel's deficiencies regarding the advice to plead no contest. In order to satisfy the prejudice requirement for an ineffective assistance of counsel claim in the context of a guilty (or no contest) plea, the defendant must show that there is a reasonable probability that, but for counsel's errors, he or she would not have pleaded guilty but would have

insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).  An assessment of whether a defendant would have gone to trial but for counsel's errors "will depend largely on whether the affirmative defense likely would have succeeded at trial." *Hill,* 474 U.S. at 59.  The Sixth Circuit has interpreted *Hill* to require a federal habeas court to always analyze the substance of the habeas petitioner's underlying claim or defense to determine whether but for counsel's error, petitioner would likely have gone to trial instead of pleading guilty or no contest. *See Maples v. Stegall,* 340 F. 3d 433, 440 (6th Cir. 2003).  The petitioner must therefore show a reasonable probability that but for counsel's errors, he would not have pleaded guilty or no contest, because there would have been a reasonable chance that he would have been acquitted had he insisted on going to trial. *Doyle v. Scutt,* 347 F. Supp. 2d 474, 484 (E.D. Mich. 2004); *See also Garrison v. Elo,* 156 F. Supp. 2d 815, 829 (E.D. Mich. 2001).  A habeas petitioner's conclusory allegation that, but for an alleged attorney act or omission he or she would not have pleaded guilty, is therefore insufficient to prove such a claim. *Garrison,* 156 F. Supp. 2d at 829.

In the present case, petitioner has failed to show a reasonable probability that he could have prevailed had he insisted on going to trial, or that he would have received a lesser sentence than he did by pleading no contest. *See Shanks v. Wolfenbarger,* 387 F. Supp. 2d 740, 750 (E.D. Mich. 2005).  Petitioner does not indicate what defenses, if any, that he had to these charges, particularly the felony-firearm charge, which would have carried a mandatory consecutive two year prison sentence under Michigan law. *See* MICH. COMP. LAWS § 750.227b.  Because petitioner does not explain what viable defense that he had in this case, he has failed to show that counsel was ineffective in advising him to plead no contest. *Id.*  Petitioner is not entitled to habeas relief on his claim.

## IV.  ORDER

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is

**DISMISSED WITH PREJUDICE.**


S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated:  February 26, 2009

I hereby certify that a copy of the foregoing document was served upon Kevin Champion, Reg. No. 279372, St. Louis Correctional Facility, 8585 N. Croswell Rd., St. Louis, MI 48880 and counsel of record on February 26, 2009, by electronic and/or ordinary mail.

S/William F. Lewis
Case Manager
